Dykman, J.
This is an appeal from an order denying a motion of the defendant for a new trial on the ground of newly discovered evidence.
The action is for negligence and has sustained two trials. The first trial resulted in a verdict for the plaintiff for $2,500, which was set aside upon the minutes of the trial court, by reason of the improper admission of the testimony of the plaintiff, and also because the verdict' was against the weight of the evidence. The second trial resulted in a verdict for the plaintiff for $4,000, although lie-was not sworn as a witness. The usual motion for a new trial on the minutes was denied, and that was followed by a motion based upon affidavits for a new trial on the ground of newly discovered evidence, and that motion was denied also by the same judge before whom the first trial was had, and who set aside the first verdict as being against the weight of evidence.
An appeal from those two orders and from the judgment was taken by the defendant to the general term of this court, where the judgment and both 'of the orders were affirmed.
Then followed an appeal to the court of appeals from judgment and orders of affirmance of the general term, and they were all affirmed in the court of appeals without a written opinion. 105 N. Y., 677; 8 N. Y. State Rep., 911.
The history of the case discloses a severe litigation, and a perusal of the testimony manifests sharp contradictions upon material questions of fact, some of which are entirely beyond reconciliation. It was, therefore, an eminently proper case for the jury, and after two trials, where the facts were found by the jury in favor of the plaintiff, with an increase of the verdict upon the second trial, even when the plaintiff was deprived of the benefit of his own testimony, an appellate tribunal might well refuse to disturb the verdict.
Some of the evidence for which the defendant claims recent discovery, is quite unsatisfactory, even independent of the answering affidavits on the part of the plaintiff.
The statement attributed to one of the jurors respecting the reasons for the rendition of the verdict for the plaintiff is quite incomprehensible, and the anonymous letter is entitled to but little consideration in a legal tribunal.
In addition it is to be said of the newly discovered evidence, that it relates to no new fact upon which testimony was not given upon both of the trials of this action. The most that can be claimed for it is, that it consists of additional testimony upon facts sharply controverted on both trials, and is, therefore, plainly cumulative, and it is an in *589 variable rule in this state, that a new trial will not be granted for such testimony.
The testimony for which novelty is claimed must not be cumulative. First National Bank v. Heaton, 6 T. & C. Rep., 37.
Besides all these difficulties which the defendant encountered upon this motion, the answering affidavits of the plaintiff destroy the force of the moving affidavits and show them to be entirely unreliable.
There must be finality in all litigated cases, and it seems to have been reached in this case. It has been through all the courts upon the last trial and two unsuccessful motions to arrest the verdict were made previous to the one now under consideration. The struggles against the verdict have been unsuccessful, after full and careful examination, and there was no case made for the interfence of the court upon this motion.
The order appealed from should be affirmed with ten dollars costs and disbursements.
Barnard, P. J., and Pratt, J., concur.